# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **THOMAS COTTON,** | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 5:07-cv-159 (HL) |
| **STATE OF GEORGIA, et al.,** | : | |
| Respondents. | : | |

# ORDER

Before the Court are documents styled as a Notice of Removal (Doc. 1), a Motion for Leave to Proceed In Forma Pauperis (Doc. 2), and an Amended Notice of Removal (Doc. 3). All three documents were filed by Thomas Cotton ("Cotton"), acting pro se. The two-step procedure a district court follows in processing a case filed pursuant to 28 U.S.C. § 1915 is well established.

> Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. . . . Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious.

Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).

Here, Cotton submitted a financial affidavit, however that document was unsigned. Therefore, Cotton has failed to attest to his financial condition under penalty of perjury.

1

Because the Court is unable to evaluate Cotton's Motion in its present form, he is granted twenty (20) days to correct this oversight. Failure to do so will result in the dismissal of his action.

The Court urges Cotton to formulate his answers on this amended Motion for Leave to Proceed In Forma Pauperis carefully and render them truthfully. In particular, the Court notes that Cotton appears to be a farmer, and perhaps one with interest in corporations or companies. Cotton should be careful to list all of the property in which he has an interest in his amended Motion, including, but not limited to: real estate, livestock, farming equipment, stocks and shares.

**SO ORDERED**, this the 17th day of May, 2007.

>   *s/ Hugh Lawson*
>   **HUGH LAWSON, JUDGE**

pdl