# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**THOMAS COTTON,**                          :
                                            :
    Petitioner,            :
                                            :
v.                                          :          Civil Action No. 5:07-cv-159 (HL)
                                            :
**STATE OF GEORGIA, et al.,**               :
                                            :
    Respondents.           :
_____

# ORDER

Before the Court are three documents filed by pro se Petitioner Thomas Cotton ("Cotton"): a Notice of Removal (Doc. 1), a document styled as an "Amended Petition for Removal" (Doc. 3), and a Motion for Leave to Proceed In Forma Pauperis (Doc. 6). Also before the Court is a Motion to Remand (Doc. 5) filed by Respondent Jasper County. For the reasons set forth below, the Motion to Proceed In Forma Pauperis is granted, Cotton's case is dismissed, and the Motion to Remand is dismissed as moot.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

The two-step procedure a district court follows in processing a case filed pursuant to 28 U.S.C. § 1915 is well established.

> Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. . . . Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious.

1

Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).

### A.     Financial Status

Here, Cotton submitted a financial affidavit in which, under penalty of perjury, he attested to his financial condition.[1]  A review of Cotton's affidavit reveals that he is unemployed and was last employed in 1959.  Cotton's wife last worked in 2001.  The Cottons have no real estate, no bank accounts, their sole source of income is $11,010.00 a year in social security, and they are in bankruptcy.  The filing fee required for civil actions filed in this Court is $350.00.  In the opinion of the Court, Cotton does not have sufficient assets and/or income to pay this fee.  Accordingly, this case may be filed without prepayment of the $350.00 fee.

### B.     Validity of Complaint

Because Cotton has been granted leave to proceed in forma pauperis, the Court must conduct a review of his Complaint under 28 U.S.C. § 1915(e)(2).  Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review complaints of plaintiffs proceeding in forma pauperis with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious;[2] (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i-iii) (2006).  Dismissal under this statute

---

[1] Although Cotton failed to sign and date his original Motion to Proceed In Forma Pauperis (Doc. 2), he did file a signed and dated version (Doc. 6) upon order of the Court (Doc. 4).

[2] An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989).

allows a court to "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. Unit A 1981).[3]

Neither Cotton's "Notice of Removal" nor his "Amended Petition for Removal" are models of clarity. However, to the best of the Court's ability to decipher them, it appears that Cotton is upset about his recent conviction for "Cows Running At Large" in the Magistrate Court of Jasper County, Georgia. Cotton now wishes to "remove" his criminal case to federal court and "asks this Court to set this case down for a jury trial." (Doc. 1 at 3, ¶ 8.) Cotton alleges his case may be properly removed to federal court "[b]ecause of Violations of Federal Statutes, i.e. the Violations of the Automatic Stay, Denial of U.S. Constitutional Rights, including but not limited to, Right to Equal Justice, Due Process, Equal Protection, inter alia, and because this Petitioner is a Debtor in U.S. Bankruptcy Court; and because this Debtor obviously cannot receive justice in the State Court(s)." (Id. at 2, ¶ 7.)

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court of the United States held that concerns of equity, comity, and federalism require federal courts to abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." According to Younger, abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise the constitutional issue. Middlesex Co. Ethics Comm'n v.

---

[3] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down prior to October 1, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

Garden State Bar Ass'n, 57 U.S. 423, 432 (1982). Notwithstanding this direction, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976).

Applying the above principles, the Court finds that abstention is appropriate. The Supreme Court has held that failure to exhaust state appellate remedies satisfies the "ongoing judicial proceedings" requirement. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975). There is no indication here that Cotton has exhausted his state appellate remedies—indeed, he appears to be using this Court as a substitute. Thus, Cotton's criminal prosecution is ongoing, satisfying the first requirement for the invocation of Younger abstention. It is equally clear that states have an important interest in the enforcement of their laws. See, e.g., Lutz v. Calme, No. 98-6570, 1999 WL 1045163, at *1 (6th Cir. Nov. 9, 1999). Therefore, because Cotton's criminal prosecution involves an important state interest to Georgia, the second requirement for Younger abstention is satisfied. Furthermore, the Supreme Court has held that when litigants have an opportunity to present their constitutional claims in state court proceedings but fail to do so, the third requirement for Younger abstention is satisfied. See Judice v. Vail, 430 U.S. 327, 337 (1977); see also World Famous Drinking Emporium Inc. v. City of Tempe, 820 F.2d 1079, 1083 (9th Cir. 1987) ("[Plaintiff] has failed to demonstrate how review of the adverse judgments in the state courts would not have permitted an opportunity to litigate its constitutional claims. That [Plaintiff] failed to avail itself of the opportunity to litigate its constitutional claim in the state forum, does not demonstrate that the state forum did not provide an opportunity to litigate that claim.

4

[Plaintiff] had an opportunity to pursue its constitutional claim upon appeal in state courts, and failed to do so. No more is required for Younger abstention."). Nothing in Cotton's Petition suggests that he did not have an opportunity to present constitutional issues in the state court proceedings.

Finally, the Court notes that none of the Younger abstention doctrine exceptions are present. Although Cotton alleged he "obviously cannot receive justice in the State Court(s)," he has set forth no allegations to support this conclusory assertion. See Wilson v. Thompson, 593 F.2d 1375, 1387 (5th Cir. 1979) (setting forth the appropriate test to be applied to determine the legality of a state prosecution, including the state criminal defendant's burden of proof). Just because Cotton is displeased with the verdict of the Jasper County Magistrate Court does not establish bad faith prosecution or harassment, and Cotton fails to set forth allegations sufficient to bring this case within a Younger exception. Similarly, the Court finds no showing of a risk of great and immediate irreparable injury or that the challenged state law is flagrantly and patently violative of express constitutional prohibitions. Accordingly, the Court must abstain and dismiss this action.

## II.   MOTION TO REMAND

Respondent Jasper County has filed a Motion to Remand (Doc. 5) that seeks to remand Cotton's petition to Magistrate Court of Jasper County, Georgia for lack of jurisdiction. For the reasons set forth above, this Motion is moot.[4]

---

[4] On June 19, 2007, Gloria P. Cotton, Thomas Cotton's wife, filed a letter in the Clerk of Court's office. In that letter, Gloria Cotton asserted the Cottons had recently been in a serious

**III.    CONCLUSION**

Cotton's Motion to Proceed In Forma Pauperis (Doc. 6) is granted. However, because the Court's frivolity review reveals the need to abstain due to the Younger doctrine, Cotton's case is dismissed.

The Court wishes to clarify one additional point. Cotton styled his filing as a "Petition for Removal," and it was filed as such by the Clerk's Office, but review of Cotton's Petition belies his assertion. Since Cotton is asking the Court to retry a criminal matter that has already been adjudicated by a state trial court, no case actually existed to remove to this Court. Therefore, the proper procedure is to dismiss Cotton's case pursuant to Younger abstention, rather than to remand the matter to the state court. Should Cotton wish to pursue appellate review of his state conviction, the state court system is the proper venue for those proceedings.

**SO ORDERED**, this the 21st day of June, 2007.

*s/   Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl

---

automobile accident, and she asked the Court grant an extension of time to allow for a response to Jasper County's Motion to Remand. Because the Court finds Cotton's case should be dismissed due to Younger abstention, and dismisses Jasper County's Motion to Remand as moot, this letter, to the extent that it might function as a motion, is moot.