# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

THOMAS COTTON, :
:
   Petitioner, :
:
v. : Civil Action No. 5:07-cv-159 (HL)
:
STATE OF GEORGIA, et al., :
:
   Respondents. :
_____

# ORDER

Before the Court is a Motion for Reconsideration (Doc. 10) filed by pro se Petitioner Thomas Cotton ("Cotton"). For the reasons set forth below, the Motion for Reconsideration is denied.

## I. BACKGROUND

The substantive facts in this case were set forth in detail in the Court's Order of June 21, 2007 (Doc. 8). They will not be recounted in full here. In summary, Cotton filed a "Notice of Removal" and an "Amended Petition for Removal" because he was upset about his conviction for "Cows Running At Large" in the Magistrate Court of Jasper County, Georgia. Cotton wished to "remove" his criminal case to federal court and "ask[ed] this Court to set this case down for a jury trial." (Doc. 1 at 3, ¶ 8.) After examining Cotton's filings, the Court concluded it was required to abstain from interfering with his state court criminal proceedings, pursuant to the doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37

(1971).¹ Furthermore, the Court found none of the Younger abstention doctrine exceptions were present and dismissed his case. Cotton has now filed a Motion for Reconsideration.

II.     **Federal Rule of Civil Procedure 59(e)**

   **A.     Standard**

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. Reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Reconsideration of a prior order is an extraordinary remedy, and should be employed sparingly. See, e.g., Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d. 1337, 1339-40 (M.D. Fla. 2003). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000)(citation omitted). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Hood, 278 F. Supp. 2d at 1340 (quotation and citation omitted).

---

¹ According to Younger, abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise the constitutional issue. Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n, 57 U.S. 423, 432 (1982).

According to the explicit language of the Rule itself, a motion brought pursuant to Rule 59(e) must be filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e).[2]

### B. Application

Cotton's Motion for Reconsideration was filed within ten days after entry of the judgment in this case and is therefore timely. However, Cotton's Motion does not satisfy any of the three necessary criteria under Rule 59(e) to validate reconsideration of the Court's prior ruling. Cotton does not argue that there has been an intervening change of law, nor is the Court aware of any such change. Cotton does not argue that any new evidence has been discovered that was not previously available to the parties at the time the original order was entered, nor is the Court aware of any such evidence. Cotton does not argue that the Court committed a clear error of law, nor is the Court aware of such an error. Instead, Cotton's Motion argues the Court's Order of June 21, 2007, must be reconsidered to prevent manifest injustice. The Court will examine this possibility.

It has been said that a party seeking reconsideration must "set forth facts of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993). Here, Cotton makes no argument that the Younger doctrine does not apply to his case. At best, Cotton's Motion focuses on the "bad faith" exception to the doctrine, as he appears to argue his state prosecution was brought

---

[2] In addition, Local Rule 7.6 specifies that "Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within ten (10) days after entry of the order or judgment."

expressly to harass him.  Cotton makes bold allegations, such as that he "is being punished by the Courts because he is white, poor and the lessor is rich and a friend of the Jasper County Court System."  (Doc. 10 at 2.)  However damning these naked assertions might appear in Cotton's mind, they are unaccompanied by any showing of bad faith or harassment.  "In order to establish [his] entitlement to the bad faith exception to the Younger doctrine, [Cotton] must allege specific facts to support [his] inferences of bad faith, bias, and retaliation. [He] must present more than mere allegations and conclusions."  Crenshaw v. Supreme Court of Indiana, 170 F.3d 725, 729 (7th Cir. 1999).  Cotton has alleged no such specific facts, neither in his original Complaint nor in this Motion for Reconsideration.  Cotton has also not shown that the case against him was proceeding "with no expectation of convictions but only to discourage exercise of protected rights."  Cameron v. Johnson, 390 U.S. 611, 621 (1968).  The Court is forced to conclude Cotton can level nothing more than conclusory assertions.  Accordingly, alteration or amendment of the Court's prior judgment would be inappropriate.

## III. CONCLUSION

Cotton's Motion for Reconsideration (Doc. 10) is denied.

**SO ORDERED**, this the 14th day of August, 2007.

>*s/   Hugh Lawson*
>**HUGH LAWSON, JUDGE**

pdl

4