# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **THOMAS COTTON,** | : | |
| Petitioner, | : | |
| v. | : | 5:07-cv-159 (HL) |
| **STATE OF GEORGIA, et al.,** | : | |
| Respondents. | : | |

## ORDER

## I. INTRODUCTION

Before the Court is Petitioner's Second Motion for Reconsideration [Doc. 12] of this Court's June 21, 2007 Order dismissing Petitioner's case [Doc. 8]. After a careful review of the record and for the reasons stated below, the Court denies Petitioner's Second Motion for Reconsideration.

## II. BACKGROUND

Petitioner Thomas E. Cotton ("Cotton") filed his Petition for Removal on April 25, 2007. Cotton requested removal of a state criminal proceeding due to what he perceived to be injustice, bias, and "home cooking" in the Georgia state court. The Court dismissed the case in an Order dated June 21, 2007, pursuant to the *Younger* doctrine, which prohibits

1

federal courts from interfering with ongoing state criminal proceedings. The Court provided a detailed analysis of the facts of this case under *Younger* and held that abstention was appropriate.

Cotton then filed a Motion for Reconsideration, which was construed as a timely Motion for Amendment of Judgment under Rule 59(e). That Motion was denied, however, because Cotton failed to demonstrate that reconsideration was necessary to prevent manifest injustice. Although Cotton's Motion contained strong accusations of harassment, it lacked allegations of specific facts that would justify reconsideration.

## III. ANALYSIS

Federal Rule of Civil Procedure 60 allows a court to provide relief from a judgment in the following limited circumstances:[1]

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

---

[1] Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. Pro. 59(e). Judgment was entered in this case on June 21, 2007; Cotton's Second Motion for Reconsideration was filed September 14, 2007. It is therefore untimely under Rule 59. Under Rule 60(b), however, a party make a motion to amend the judgment within a reasonable time. The Court therefore construes Cotton's Second Motion for Reconsideration as a timely motion under Rule 60(b).

2

> application; or (6) any other reason justifying relief from the
> operation of the judgment.

Fed. R. Civ. P. 60(b).

The second Motion for Reconsideration focuses on errors of law that the state court allegedly made in metting out Cotton's punishment. In addition, it makes factual arguments that dispute the charges against him, and it accuses the state court judge as being partially responsible for a heart attack that Cotton suffered. None of these arguments can be construed as claims of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b). He does not cite newly discovered evidence, nor does he allege that an adverse party committed fraud, misrepresentation, or other misconduct. The Court's judgment dismissing this case is not void, nor has it been satisfied, released, or discharged. Therefore none of the first five provisions in Rule 60(b) apply to the second Motion for Reconsideration.

In addition, the second Motion for Reconsideration presents no "other reason justifying relief" from the Order dismissing this case. It recites allegations and arguments that may be relevant for an appeal of the state court judgment but do nothing to change the analysis contained in the June 21, 2007 Order. The *Younger* doctrine still requires this Court to abstain from exercising jurisdiction over this case, notwithstanding the errors that Cotton alleges the state court made. Cotton's second Motion for Reconsideration [Doc. 12] is therefore denied.

SO ORDERED, this the 13th day of November, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch